## UNITED STATES DISTRICT COURT

## WESTERN DISTRICT OF LOUISIANA

## LAKE CHARLES DIVISION

| | |
|---|---|
| **PATRICK VON THOMPSON** | **CIVIL ACTION NO. 04-2044-LC** |
| **VS.** | **SECTION P** |
| **STATE OF LOUISIANA** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is Patrick Von Thompson's *pro se* petition for habeas corpus.[1] Petitioner is an inmate in the custody of the Louisiana Department of Corrections and is presently incarcerated at the Calcasieu Correctional Center (CCC), Lake Charles, Louisiana. He names the State of Louisiana as the sole defendant in this matter. This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court.

## STATEMENT OF THE CASE

Petitioner states that he was indicted for aggravated incest and cruelty to a juvenile on March 4, 2004 but that he was not brought to court until April 1, 2004. He claims that the 27 day delay between the indictment and his initial court appearance violated his due process rights. As a result of this alleged due process violation, the petitioner seeks to have the charges against him dismissed.

---

[1] Plaintiff filed this matter on as a civil rights complaint pursuant to 42 U.S.C. § 1983. However, it is clear from the complaint and the relief requested that this matter is properly construed as a 28 U.S.C. § 2241 *habeas* petition. See *Calderon v. Ashmus*, 118 S.Ct. 1694 (1998) ("[A]ny claim by a prisoner attacking the validity or duration of his confinement must be brought under the habeas sections of Title 28 of the United States Code."); see also *Preiser v. Rodriguez*, 93 S.Ct. 1827 (1973) (holding that when an inmate challenges the very fact or duration of his confinement and the relief he seeks is immediate or speedier release, "his sole federal remedy is a writ of *habeas corpus*"). In a separate order, the undersigned has directed the Clerk of Court to reclassify this matter and to adjust the filing fee.

## LAW AND ANALYSIS

While § 2241 establishes jurisdiction in the federal court to consider pre-trial habeas petitions, federal courts should abstain from the exercise of that jurisdiction if the issues raised may be resolved by trial on the merits or other available state court procedures. *Dickerson v. Louisiana*, 816 F.2d 200, 225 (5th Cir. 1987); *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-492 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976); *Younger v. Harris*, 91 S.Ct. 746 (1971). This form of judicial abstention was crafted on the grounds of federalism and comity in order to promote the resolution of constitutional issues by state courts in the first instance and to limit federal interference in the state adjudicatory processes. *Dickerson*, 816 F.2d, 225, *Braden*, 410 U.S. at 490-491.

In *Dickerson* the Fifth Circuit addressed a petitioner's attempt to litigate a speedy trial defense to a prosecution prior to trial and held that in analyzing pre-trial *habeas* claims, federal courts must be mindful of the "distinction between a petitioner who seeks to 'abort a state proceeding or to disrupt the orderly functioning of state judicial processes' by litigating a [federal] defense to a prosecution prior to trial and one that simply seeks to enforce the state's obligation to bring him promptly to trial." *Dickerson*, 816 F.2d at 226, citing *Brown v. Estelle*, 530 F.2d. 1280, 1283 (5th Cir.1976). In *Brown*, the Fifth Circuit noted that when the objective of the petitioner is to have the indictment dismissed or otherwise prevent the criminal prosecution, this objective is normally not attainable through federal *habeas corpus*. *Brown*, 530 F.2d at 1283.

In the present case, it is clear that the petitioner seeks the dismissal of the state criminal charges which are pending against him. Federal *habeas* relief is simply not available to litigants like this petitioner who seek "...the derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden*, 410 U.S. at 493, 93 S.Ct. at 1129; *Dickerson*, 816 F.2d at 225-226, 229. Thus, to the extent that petitioner seeks dismissal of his pending charges, this court must abstain

2

from the exercise of *habeas* jurisdiction since the issues raised in the petition may be resolved by other state procedures available to the petitioner. If petitioner is convicted, he may raise his constitutional claims on direct appeal and thereafter, if necessary, via an application for post-conviction relief, at which time the Louisiana courts may fully review his claims and either adopt or reject his position. Were this court to exercise jurisdiction at this juncture, it would deprive the Louisiana courts of that meaningful opportunity.

Accordingly,

IT IS RECOMMENDED that the petition for writ of *habeas corpus* be DENIED AND DISMISSED WITH PREJUDICE.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See *Douglas v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lake Charles, Louisiana, this 8th day of December, 2005.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

3